UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| RICHARD KIMBRELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 6:18-cv-422-LCB |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the complaint of plaintiff Richard Kimbrell. In his complaint, plaintiff seeks judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Court has reviewed the pertinent record and the parties' briefs.

It is the duty of the Court to review the decision of the ALJ and not re-weigh the evidence or substitute its decision for the ALJ's. In particular, the Court must affirm the ALJ's decision if it is supported by substantial evidence even if there is evidence that supports the opposite conclusion. The Court must also determine whether the ALJ applied the correct legal standards.

Plaintiff filed an application for a period of disability and disability

1

insurance benefits alleging disability beginning on March 2, 2015, the date of a work-related accident. Plaintiff's claim was initially denied, but he filed a request for a hearing before an administrative law judge ("ALJ"), which was held on April 5, 2017. The ALJ ultimately concluded that plaintiff was not disabled.

Although not made in an organized fashion, plaintiff appears to argue that the ALJ did not properly evaluate his subjective complaints of pain, improperly relied on the opinions of Dr. Bruce Romeo, and ignored the vocational expert's testimony with respect to alternate hypotheticals. The Court will address each contention in turn.

**1. Failure to properly evaluate subjective complaints**

The Court finds that the ALJ did not fail to properly evaluate plaintiff's subjective complaints of pain. The ALJ stated the standard for evaluating subjective complaints of pain in the Eleventh Circuit. After a review of the relevant medical evidence, the ALJ then stated that plaintiff's "descriptions of his impairments and resulting restrictions fail to establish the presence of objectively determined medical conditions sufficient to warrant a conclusion of disability." (R. 24). While the Court will not repeat the entirety of that analysis here, it notes that the ALJ specifically considered plaintiff's testimony at the hearing. However, the ALJ noted that, while diagnostic imaging in March 2013 revealed degeneration in the cervical and lumbar spine, an MRI performed approximately two years later

revealed no greater than a mild disc bulge, moderate facet hypertrophy at L5-S1 and only mild flattening of the exiting L5 nerve, much greater on the right. The ALJ notes that, following plaintiff's injury on March 2, 2015, he was prescribed physical therapy, which he reported to be beneficial.

Additionally, in terms of plaintiff's alleged right wrist limitation, plaintiff points out that, on March 21, 2013, a medical record indicated that plaintiff had restricted abduction in his right wrist and loss of hypothenar muscles. But the ALJ noted that plaintiff had no observable abnormalities during the course of his treatment at Whatley Health Services in 2015 and 2016. The January 20, 2017, consultative examination revealed that there was no loss of power, muscle atrophy, or grip strength in the right wrist. (R. 317).

Overall, although plaintiff alleges disabling pain, recent treatment notes indicated that his pain was moderate in severity. Indeed, plaintiff's treatment has been conservative, consisting of physical therapy and/or medication. *See Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) ("ALJs are permitted to consider the type of a treatment a claimant received in assessing the credibility of her subjective complaints."). Importantly, the ALJ did not ignore plaintiff's subjective complaints of pain entirely. Rather, the ALJ found that they were not disabling. The ALJ acknowledged the diagnostic imaging of plaintiff's cervical and lumbar spine, as well as complaints of back pain, and found that

plaintiff could not return to his past work. The ALJ then limited plaintiff to light work, but with occasional stooping and crouching, no driving, no lower extremity pushing or pulling, no climbing, and a temperature controlled environment. In sum, the Court must affirm if the ALJ's determination is supported by substantial evidence, and the Court finds that it is here. *See Henry v. Comm'r of Soc. Sec.,* 802 F.3d 1264, 1267 (11th Cir. 2015) ("Indeed, '[e]ven if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.'") (internal quotation omitted); *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."). Therefore, the Court finds no error in the ALJ's evaluation of plaintiff's subjective complaints of pain.

### 2. Improperly relied on opinions of Dr. Bruce Romeo

Dr. Romero, in conducting a workman's compensation examination, assessed plaintiff with lumbar strain and spondylolisthesis, but put no restrictions on his activity. The Court finds that the ALJ did not commit error in considering the opinion of Dr. Romero. For one, the ALJ did not solely rely on the opinion of Dr. Romeo in his determination. Second, the ALJ gave good weight to the opinions of Dr. Romeo because they appeared consistent with the medical evidence as a whole. Third, the non-controlling case cited by plaintiff, *Garcia v.*

*Colvin*, 219 F. Supp. 3d 1063, 1074 (D. Colo. 2016), does not stand for the proposition that the ALJ must ignore the opinion of a medical source that was rendered in the workman's compensation context. The court in *Garcia* noted that the mere fact that a source, such as a workman's compensation doctor, is selected does not mean that it should be accorded less weight. That being said, the court also stated that, because the workman's compensation process is an adversarial one, any opinion should be entitled to greater weight when favorable to the claimant and reviewed more carefully when unfavorable. *Id*. Here, Dr. Romeo recognized plaintiff's back impairment as indicated by the MRI, but did not recommend any activity restrictions. (R. 252-53). In other words, Dr. Romeo's opinion both supports plaintiff's allegations, but also appears to be unfavorable in that he did not impose any work restrictions. Plaintiff has not shown that the ALJ's consideration of Dr. Romeo's opinions, both favorable and unfavorable, were error, especially in light of the ALJ's conclusion that it was consistent with other medical evidence.

### 3. Ignored vocational expert's testimony with respect to alternate hypotheticals

At the hearing, the ALJ posed several hypotheticals to the vocational expert, which the vocational expert answered. For example, the vocational expert testified that occasional flexion or extending of plaintiff's right wrist would not permit plaintiff to do any of the jobs the vocational expert identified. Similarly, the

5

vocational expert testified the jobs identified by him would be precluded if plaintiff could only occasionally turn his head left or right and up or down. Plaintiff, relying on the same testimony and medical records that he did with respect to the ALJ's evaluation of his subjective complaints of pain, argues that the ALJ ignored the vocational expert's testimony on these two points (right wrist movement and turning of head).

While the Court acknowledges the vocational expert's testimony as pointed out by plaintiff, the ALJ asked many different hypotheticals to which the vocational expert responded. Notably, the vocational expert testified that jobs were available to a person with plaintiff's vocational profile (age, education, and work experience) and the limitations included in residual functioning capacity ("RFC"). The ALJ was permitted to rely on this testimony as substantial evidence because it included all of plaintiff's impairments that the ALJ found credible. *See Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 938 (11th Cir. 2011) (unpublished opinion) (finding that a vocational expert's testimony will constitute substantial evidence if the ALJ poses a hypothetical questions which comprises all of the claimant's impairments); *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."). Thus, the ALJ committed no error in determining, based on the

vocational expert's testimony, that jobs were available to plaintiff and therefore he is not disabled.

Plaintiff's argument really appears to be directed at the ALJ's conclusion that his subjective complaints of pain were not fully supported by the record medical evidence, an argument the Court has already addressed. An ALJ is not required to include findings in the hypothetical that he has properly rejected as unsupported. *See Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("In any event, the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

Consequently, the Court finds that the ALJ committed no error and that there is substantial evidence to support the ALJ's determination of not disabled.

Accordingly,

IT IS ORDERED that the judgment of the Commission is AFFIRMED.

A final judgment will be entered separately.

**DONE** and **ORDERED** this August 1, 2019.

_____
LILES C. BURKE
UNITED STATES DISTRICT JUDGE